## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | : | |
| | : | |
| **Plaintiff,** | : | |
| VS. | : | |
| | : | **NO. 5:17-CV-00418-MTT-CHW** |
| JOHN/JANE DOES, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

*Pro se* Plaintiff R. Wayne Johnson, a prisoner most recently incarcerated at the Clements Unit in Amarillo, Texas, filed a document that was docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On December 21, 2017, Plaintiff was ordered to (1) recast his Complaint on the Court's standard form and (2) pay the required filing fee or submit a proper motion for leave to proceed *in forma pauperis* if he wished to proceed with his claims. Plaintiff was given twenty-one (21) days to comply, and he was warned that failure to fully and timely comply with the Court's orders could result in the dismissal of his Complaint. Order, Dec. 21, 2017, ECF No. 4.

The time for compliance with the December 21, 2017 Order passed without a response from Plaintiff. Accordingly, on February 9, 2018, Plaintiff was ordered to respond and show cause why his lawsuit should not be dismissed for failure to comply. Plaintiff was again given twenty-one (21) days to respond, and he was also again warned that failure to respond would result in the dismissal of his Complaint. Order, Feb. 9, 2018, ECF No. 5.

Plaintiff has now filed an amended complaint, but it was not drafted on the Court's standard form as previously ordered. Plaintiff has also failed to pay the required filing fee or file a motion for leave to proceed *in forma pauperis*. Because Plaintiff has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, this action shall be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)). [1]

The basis for Plaintiff's claims is unclear at this point, and thus it is difficult for the Court to tell whether Plaintiff could have any legitimate claims that are potentially barred by the applicable statute of limitations. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute

---

[1] The Court also notes that Plaintiff is an "abusive litigant" who has filed a multitude of cases in the federal courts that have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A and/or 28 U.S.C. § 1915(e). *See Johnson v. U.S. Marine Corps.*, Order, ECF No. 9 in Case No. 2:13-cv-00066-J-BB (N.D. Tex. July 15, 2013) (sanctions order); *Johnson v. U.S. Marine Corps.*, Report & Recommendation, ECF No. 8 in Case No. 2:13-cv-00066-J-BB (N.D. Tex. June 21, 2013) (citing to Plaintiff's extensive litigation history). The above-captioned case likewise falls into this category. Although the caption of Plaintiff's purported amended complaint lists the United States Magistrate Judge assigned to this case as the only named Defendant in this action, Am. Compl. 1, ECF No. 6, Plaintiff has not pleaded facts in the body of his pleading associating this judge with any purported violation of Plaintiff's constitutional rights. Dismissal of Plaintiff's claims would thus also be warranted under 28 U.S.C. § 1915A. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered Plaintiff to comply with its orders and instructions on numerous occasions and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).

**SO ORDERED**, this 5th day of April, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT